Turley J.,
delivered the opinion of the court.
John Rice, the complainant, was indebted to Alexander Ferguson, at the time of his death, in the sum of $1364. On the 11th day of September, 1828, he execcuted to the defendants, as Ferguson’s administrators, a deed of trust on three lots in the town of Jasper, Marion county, Tennessee, conditioned, that if he paid said sum of money in three several annual instalments, viz. Dec. 28th, 1831, 1832 and 1833, they should reconvey to him the lots, and if not, that they might sell the same and make the money.
This deed was subscribed but by one witness, and Rice refused to acknowledge it in open court; so that it could not be registered.
The administrators becoming apprehensive that the debt might be lost for want of registration of the deed, and finding, after repeated attempts, that no satisfactory arrangement could be made, agreed to a proposal made by him, to take the lots absolutely in payment of the debt, at a fair valuation; but they, not being able to come to a mutual understanding, as to what that was, agreed that they would choose two persons to estimate it, with liberty for them to choose a third as umpire, provided they could not agree.
The two persons not agreeing, chose a third, and the three estimated the value oí the lots at $1500, when the proof shows that at the time they were worth not more, at the extent, than $ 1000. The defendants refused to receive a conveyance in fee, for the lots at the price assessed. This *500 valuation was made on the 25th day of June, 1833; and on 26th day of July, the same year, the complainant, without the knowledge of the defendants, and in their absence, drew up a paper writing in the words following:
“We, the undersigned, being called upon by Daniel Rawl-ings, John Rodgers and John Rice, all of the county of Marion, state of Tennessee, for the purpose of valuing three town lots in the town of Jasper, containing one quarter of an acre each, known and distinguished in the plan of said town, by Nos. 84, 83, 75, against three notes of hand given by said Rice to said Rawlings and Rogers, administrators of the estate of Alexander Ferguson, deceased, amounting to upwards of $1300, and to better secure the payment'of said notes to said administrators as aforesaid, said Rice executed to them a deed of trust on said lots as above specified, bearing equal date with said notes, and to consummate and pay off said notes, agreeable to an understanding from each party, said notes, together with the deed of trust, was submitted to us on the 25th day of June, 1833, by said Rawlings and Rogers, and eacfi party agreeing that our valuation should be final and binding on them, in consideration of said Rice reserving his bark mill and loose plank to himself, and the possession of the premises, until the 25th ofDecember next, did then proceed and value said property to fifteen hundred dollars, on said 25th day of June, 1833.”
This paper writing was signed and sealed by the persons who made the valuation on the day it was drawn up by the complainants, and it is how sought to be specifically executed as an arbitrament of the rights of the contending parties, by a decree compelling the defendants to receive the lots at the valuation of $1500..
If this were an arbitrament which could be specifically executed by this court, we would refuse to do so, because the complainant, by a violation of good faith in refusing to acknowledge the deed of trust, constrained the defendants, by a kind of moral duress, to agree to receive the property at a fair valuation in discharge of so much of the debt as it might pay, for fear that for want of registration the security to the deed of trust might be lost.
*501 The specific execution of contracts are decreed at the sound discretion of the court, and a party to be entitled to it, must come in with clean hands; this, for the above reason, the complainant does not.
2. But this is no arbitrament of conflicting rights between contending parties, by which debts can be paid and property passed.
The defendants had agreed that they would receive the lots at their value, and not being able to agree with complainant as to what that was, chose to submit the estimate to persons indifferently chosen by them, nothing more; and this is all that "was done by them. They do not award, indeed they had no authority to do so, that the defendant should take the lots at $1500, and that the complainants should be satisfied, and the surplus paid to him. The agreement to receive the lots at value was in fieri and not executed. Then there was the locus penitenticc; and upon no principle can the defendants be compelled to perform it.
3. And if this were an arbitrament by which the parties would ordinarily be bound, yet still it would be inoperative in this case; because, by the act of 1801, cb. 25, commonly called the Statute of Frauds and Perjuries, it is enacted “that no action shall be brought upon any contract for the sale of lands, tenements or hereditaments, or the making any lease therefor for a longer term than one year, unless some memorandum or note thereof shall be in writing, and signed by the party to be charged therewith.”
That there is no note or memorandum of the agreement to receive the lots in part payment of the debt due by complainant, is certainly true; but it is contended that the person chosen to estimate the value of the lots were the agents of both the contending parties, and the parol memorandum made by them at the time is to be considered as such. If they were the agents of the parties, their agency was special, being limited to the assessment of the value of the lots, and they, therefore, had no power to make a contract, or to bind the parties by any memorandum of one previously made. In this respect they occupy very different grounds from an auctioneer or agent to sell, inasmuch as they possess the power to con *502 tract for and bind their principal: provided they do not exceed their authority, and comply with the requisites and forms of law.
We are, therefore, of the opinion, that there is error in the decree of the Chancellor, and reverse it, and dismiss the bill.